**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| KAREN P. MORGAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 7:05-CV-102-BF (R) |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a consent case before the United States Magistrate Judge. Plaintiff, Karen P. Morgan, ("Plaintiff") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") and Supplemental Security Income benefits ("SSI") under Title XVI of the Act. 42 U.S.C. §§ 432, 1382c. The administrative law judge ("ALJ") found that Plaintiff retained the ability to perform a wide range of light work and based upon her residual functional capacity ("RFC"), found that Plaintiff could perform her past relevant work ("PRW") as a fast food worker. He further found that she could perform other work that exists in significant numbers in the national and local economies. Plaintiff contends the ALJ's finding as to Plaintiff's RFC (and thus his finding that she was not disabled from August 31, 2001 through January 21, 2005) is not supported by substantial evidence. For the reasons that follow, the Commissioner's decision is AFFIRMED.

**I.**

Plaintiff seeks DIB and SSI, alleging the following exertional and non-exertional limitations: eye, right foot, and ankle trouble; difficulty walking and standing; knee impairments; carpal tunnel syndrome in both wrists; left arm numbness; malformed vertebrae; and the inability to sit and stand

too long. (Tr. at 60-69.) She alleges that she became disabled on August 31, 2001. (*Id.*)

Plaintiff was born in October, 1955. (Tr. at 51.) She has a high school education and two years of college. (Tr. at 67, 393.) Plaintiff has PRW experience as a "typesetter/layout," "bindery worker," "photographer helper," "fast food worker," and "photographer, self-employed." (Tr. at 302-03.)

Plaintiff was forty-nine years old on December 14, 2004, the date of the hearing before the ALJ. (Tr. at 14.) Plaintiff and a vocational expert ("VE") testified at the hearing. The ALJ determined that Plaintiff could perform a wide range of light work activity including her PRW as a "fast food worker," as well as other work existing in significant numbers in the national and local economies such as "ticket taker" and "sales attendant." (Tr. at 18.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 19, Finding Nos. 8 and 9.) The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision.

## II.

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work she has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove her disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*. Once the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must

be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III.

The ALJ issued a decision on January 21, 2005, finding that Plaintiff had severe impairments of (1) disorders of the spine and (2) left hand palsey. (Tr. at 17.) The ALJ further found that the impairments were not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (*Id.*) The ALJ determined that Plaintiff retained the RFC for a wide range of light work that would require her to lift no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. (*Id.*) Plaintiff would be required to do "a good deal of walking or standing,[1] or when it involve[d] sitting most of the time [she would be required to do] some pushing and pulling of arm or leg controls." (Tr. at 18-19.) The ALJ found that Plaintiff can "occasionally bend forward at the waist; occasionally bend at the knees to come to rest on the knees; and occasionally bend downward by bending the legs and spine." (*Id.*) The ALJ found that Plaintiff was restricted from more than frequent handling with the left hand and from more than frequent reading of detailed instructions during the day. (*Id.*)

Plaintiff contends that the ALJ's decision that Plaintiff is not disabled should be reversed and remanded because substantial evidence does not support the ALJ's determination of Plaintiff's RFC.

---

[1] The regulations define light work as work that involves " . . . a good deal of walking or standing . . . ." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

(Pl.s' Br. at 16-19.) Specifically, Plaintiff contends that RFC should have included a limitation on walking and standing. (*Id*. at 17.)

In May, 1999, Plaintiff broke her foot in an automobile accident. (Tr. 107.) By August 1999, Plaintiff was released to part-time work (with a restriction not to carry more than thirty pounds) because the wound had "healed completely." (Tr. at 105-06.) Plaintiff was examined at the Holliday Clinic on January 17, 2001, approximately six months before she alleges that she became disabled. (Tr. at 142.) She had no deformities, except for surgical scars on the right foot. Her back had no curvature; she had full range of motion in her arms, legs, and spinal column. Her muscle tone was good. Her grips were equal bilaterally, and rapid alternative movements were within normal limits. (*Id*.) She had a steady gate and her sensation was within normal limits. Her deep tendon reflexes were present and equal. (Tr. at 142-43.)

In August 2000, one year after Plaintiff alleged that she became disabled, she reported to the Holliday clinic with "no complaints . . . with the exception of some occasional fatigue," which she attributed to emotional stress from taking care of her husband who was chronically ill. (Tr. at 124.) At that time, Plaintiff stated that she stayed active working in her yard and with her horses. (*Id*.)

Plaintiff reported to the Holliday Clinic in February 2003, with complaints of arm pain that she treated with Aleve. (Tr. at 120.) Plaintiff had a full range of motion in the joints of her left arm and she could perform most activities of daily living without trouble. (*Id*.) If her left hand was involved at all, there was only a "minimal amount of limitation." (*Id*.)

Brenda Chang, M.D., ("Dr. Chang") examined Plaintiff in March 2003, for complaints of carpel tunnel syndrome, right foot and knee problems, left arm problems, vision problems, the inability to walk greater than one mile, and the inability to stand more than 45 minutes due to back

5

pain. After thoroughly examining Plaintiff, Dr. Chang concluded that Plaintiff could work in activities such as sitting, standing, moving about with a cane, and lifting/carrying/handling objects that are not heavy. Plaintiff could hear and speak. There was no end organ damage of the eyes, kidneys, or heart. Her neurological status was normal. Her pain corresponded to clinical findings. She had both active and passive ranges of motion in the affected and symptomatic joints, and the doctor found a full range of motion with some pain. There was no muscle atrophy in any of the extremities. Her gait was normal. She could do heel and toe walking with a cane. She could not squat or hop on the right foot but she could tandem walk. Her left hand grip was decreased. She could not reach, handle, finger, or feel objects with her left hand. (Tr. at 148-50.)

Gordon Garcia, M.D., ("Dr. Garcia") performed a consultative examination of Plaintiff on July 30, 2003. Upon examination, Dr. Garcia found, *inter alia*, that Plaintiff could ambulate normally with minimal assistance (a cane). She showed no difficulty reaching, handling, and feeling objects and apparently had no difficulty with prolonged sitting and standing. (Tr. at 170.)

In August 2003, the state agency consultant concluded that Plaintiff's allegations of her limitations were not wholly supported by the medical evidence. The agency physician concluded that Plaintiff could perform light work with no postural manipulative, communicative, or environmental limitations from carpel tunnel syndrome of the left wrist and low back pain. He specifically found that she could stand and/or walk (with normal breaks) for a total of six hours in an 8-hour workday and that she could sit (with normal breaks) for about six hours in an 8-hour workday. (Tr. at 151-58.)

Plaintiff reported that she lived with her husband in the country. She claimed that she drove only two hours a month. She said that she did light housework, cooked, watched television, and

listened to the radio. She claimed she could not see to put on makeup although she said that she read a lot. She reported that she shopped for groceries every week for one hour and visited friends and relatives monthly for an hour. Plaintiff claimed that she could stand only twenty minutes, walk for around 30 minutes, and sit for 15 or 20 minutes. (Tr. at 299-301.) The ALJ found that the claimant's allegations regarding her limitations were not totally credible. (Tr. at 19.)

"Residual functional capacity" refers to the claimant's ability to do work despite any physical or mental impairments. 20 C.F.R. § 404.1545(a). The ALJ has the responsibility to determine the Plaintiff's residual functional capacity at the administrative hearing based on all of the evidence, including the medical records, observations of treating physicians, observations of others, and Plaintiff's own description of her limitations. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ must resolve conflicts in the evidence and make credibility determinations based on substantial evidence. *Lovelace v. Bowen*, 813 F.2d 55, 59-60 (5th Cir. 1987); *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981) (per curiam). "The [proper] inquiry [] is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision."). "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

The determination of a claimant's RFC status is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(2) and 416.927(e)(2). *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (citing to 20 C.F.R. § 404.1527(e) and (e)(3) to explain that legal conclusions made by a treating physician have no "special significance" and that the ALJ is not required to give such conclusions controlling weight). An absence of objective factors which indicate severe or chronic pain, including limitation of joint motion, atrophy, weight loss, or impairment of general nutrition, is significant and can justify an ALJ's conclusion that the complained of pain is not debilitating. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988). Further, a claimant's daily activities are relevant to a disability determination. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991).

The ALJ did not err by failing to adopt all of the limitations suggested by Plaintiff or her doctors when he determined Plaintiff's RFC. The ALJ considered the record as a whole, as he was required to do in making his determination of Plaintiff's RFC. Although Plaintiff's limitations precluded the ALJ from assuming that she could perform the full range of light jobs, they did not prevent the ALJ from finding that significant light jobs were still available to her. *See Books v. Chater,* 91 F.3d 972, 980 (7th Cir. 1996). The ALJ was not required to seek VE testimony; however, the ALJ called a VE to determine whether there were a substantial number of jobs available to Plaintiff given her ability to perform light work with the limitations that the ALJ found to exist. The ALJ necessarily considered the limitations that Plaintiff is claiming on appeal because her counsel cross-examined the VE and posed a hypothetical which included those limitations. (Tr. at 306.) The ALJ implicitly rejected those additional limitations as not supported by the record. The Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC and

that reversal and remand for further proceedings is not warranted. Accordingly, the Commissioner's decision that Plaintiff is not disabled and not entitled to DIB and SSI payments is AFFIRMED.

Signed February 20, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE